### BLEAKLEY v. SHERIDAN.

(Supreme Court, Appellate Division, Second Department. June 7, 1907.)

1. SHIPPING—CHARTER—RESTRICTIONS.
   During a conversation as to the charter of a scow, plaintiff's agent told defendant's agent that they objected to sending the scow to G. because of dangerous anchorage. Plaintiff's agent then testified that his recollection was that defendant's agent said he would not send the scow to G., but, when asked whether he stated that plaintiff would not let the scow go to G., answered, "We objected to its going to G." The terms of the hiring entered in plaintiff's scow book contained no restriction as to where the scow might go. *Held* insufficient to establish a contract that defendant should not take the scow to G.

2. SAME—DUTY OF CAPTAIN.
   Where plaintiff chartered a scow to defendant and furnished a captain to care for her, it was the captain's duty to take proper care of the scow during a storm, notwithstanding defendant had broken her contract not to send the scow to G.

3. SAME—LOSS OF VESSEL—DAMAGES—REDUCTION—PLEADING.
   Where plaintiff chartered a scow, with a captain, to defendant, who agreed not to take the scow to G., the captain's failure to take proper care of the scow and protect her during a storm after she had been taken to G. was admissible in reduction of damages for breach of defendant's contract, though not pleaded.

   Hooker, J., dissenting.

Appeal from Trial Term, Westchester County.

Action by Cara W. Bleakley against Theresa A. S. Sheridan. From a judgment for plaintiff, defendant appeals. Reversed.

See 100 N. Y. Supp. 1029.

This action is for damages for breach of contract. The complaint is that the plaintiff chartered a scow to the defendant to carry cellar dirt to fills, a part of the agreement being that the scow should not be taken to Greenville, N. J., where there was a fill; that the defendant took the scow there, and in a storm she was blown ashore and injured.

The contract was made by the agent of the plaintiff with the agent of the defendant over the telephone. The former testifies that he told the latter (Driscoll) that "we objected to sending it down to Greenville," because she was new, and because the anchorage was about three quarters of a mile from the fill, and if a northeaster came up the scows at the anchorage were endangered. He then says: "My recollection is that Mr. Driscoll said he wouldn't send her down to Greenville;" and then follows this question and answer as the last on the subject: "Q. Did you tell him you wouldn't let him go to Greenville? A. We objected to its going to Greenville." He entered the terms of the hiring in the plaintiff's scow book, but omitted any restriction as to where the scow might go. The agent for the defendant (Driscoll) testifies positively that there was no restriction as to the movements of the scow in the leasing. Before, during the time of and after the use of the scow by the defendant other scows of the defendant went continuously to the Greenville fill. There was no other evidence on the subject.

Argued before HIRSCHBERG, P. J., and HOOKER, GAYNOR, RICH, and MILLER, JJ.

Henry Wetherhorn, for appellant.
Mark Ash (William Ash, on the brief), for respondent.

GAYNOR, J. The contract that the scow should not be taken to Greenville was not proven. The evidence for the plaintiff left it a matter of uncertainty at best. And if such a contract could be eked out therefrom, to find it would be against the weight of evidence.

Assuming that the contract was proved, it was error to exclude evidence to show that the damages were caused or suffered in whole or in part by the neglect of the plaintiff's captain who was aboard and in charge of her to take proper care of her in the storm. Although the contract were broken by the defendant, it was for the captain to do what he reasonably could in the care of the scow to prevent her from going ashore. That he did not do so was not a defense to be pleaded; on the contrary, the question was what damage the breach of the defendant caused, and that would be in issue even on an assessment on failure to answer. The amount of damage is always in issue, even without a denial thereof. Milton v. Hudson R. S. Co., 37 N. Y. 210.

The judgment should be reversed.

Judgment and order reversed, and new trial granted; costs to abide event.

HIRSCHBERG, P. J., and RICH and MILLER, JJ., concur. HOOKER, J., dissents.